UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESHUN WASHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:03CV49 RWS |
| | ) |
| DON ROPER, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the petition of Deshun Washington for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the matter to United States Magistrate Judge Mary Ann L. Medler for review and a recommended disposition pursuant to 28 U.S.C. § 636(b). On March 31, 2005, Judge Medler filed her report and recommendation that petitioner's habeas petition should be denied.

Petitioner objects to Grounds 1, 2 and 7 through 10 of the Report and Recommendation. In his objections, petitioner argues that Judge Medler improperly decided the facts, unreasonably applied federal law and incorrectly concluded that one of his claims was procedurally defaulted.

The Court sustains and adopts Judge Medler's report and recommendation and denies petitioner's habeas corpus petition.

**I.      Standard of Review**

The Court reviews those portions of the report and recommendation to which petitioner objects de novo. 28 U.S.C. § 636(b).

**II. Background Facts**

On October 11, 1996, petitioner was charged in the juvenile court with tampering in the first degree and resisting arrest. On October 14, 1996, the juvenile officer added charges of first degree murder, first degree robbery and unlawful use of a weapon to his petition. Petitioner was certified as an adult on November 19, 1996. On December 12, 1996, an indictment was issued in the City of St. Louis, Missouri, charging petitioner with murder in the first degree in violation of Mo. Rev. Stat. § 565.020. The jury found petitioner guilty of murder in the first degree, and he received a imprisonment sentence of life without eligibility for probation or parole.

On November 9, 1999, the Missouri Court of Appeals denied petitioner's direct appeal and affirmed petitioner's conviction. Petitioner then filed a prose post-conviction relief motion pursuant to Rule 29.15, which was denied by the trial court on January 16, 2001. On February 15, 2002 the Missouri Court of Appeals denied petitioner's appeal of the trial court's denial of post-conviction relief.

Petitioner filed his habeas petition on January 24, 2003, raising the following ten grounds for relief:

(1) The trial court erred in admitting petitioner's statements to the police because these statements were obtained in violation of petitioner's right to counsel;

(2) The trial court erred in overruling petitioner's objections to the prosecutor's request that he pick up a concrete block;

(3) Petitioner received ineffective assistance of trial counsel because his counsel failed to properly object to the prosecutor's closing argument appealing to past victimization of some members of the jury;

(4) The trial court erred in failing to respond the prosecutor's arguments that were designed to improperly bolster the credibility of the State's witness, Diatta Crockett;

(5) Petitioner received ineffective assistance of counsel because his trial counsel failed to object to the prosecutor's opening statement;

(6) The prosecutor improperly used peremptory strikes to strike African Americans from the jury panel;

(7) Petitioner received ineffective assistance of counsel because his trial counsel failed to move to suppress evidence obtained as a result of an illegal search and seizure;

(8) Petitioner received ineffective assistance of counsel because his trial

counsel failed to timely move for a mistrial when, during petitioner's testimony, a spectator whispered "liar";

(9)  Petitioner received ineffective assistance of counsel because his trial counsel failed to object to the prosecutor's statement during closing argument that petitioner turned into a killer because of his mother's neglect; and

(10) Petitioner received ineffective assistance of counsel because his trial counsel failed to strike a venireperson.

## III.  Discussion

Judge Medler properly evaluated the grounds raised in petitioner's petition under the standard set forth in 28 U.S.C. § 2254(d) and Williams v. Taylor, 529 U.S. 362 (2000). Petitioner does not object to Judge Medler's determination that petitioner procedurally defaulted Grounds 3 through 6. The Court has reviewed petitioner's entire file and agrees with Judge Medler that petitioner has procedurally defaulted Grounds 3 through 6 because he either failed to raise these issues in the appeal of his post-conviction relief motion or in his direct appeal.  Therefore, Judge Medler properly concluded that petitioner is precluded from federal habeas review with respect to Grounds 3 through 6 of his habeas petition.  Petitioner objects to Judge Medler's recommendation on Grounds 1, 2 and 7 through 10 of his habeas

petition.

## Ground 1

In Ground 1, petitioner alleges that his Sixth Amendment right to counsel was violated when statements he made to the police on November 9, 1996 were admitted into evidence during his trial. Judge Medler denied relief on Ground 1 because petitioner's Sixth Amendment right to counsel had not attached when the statements were made. Judge Medler found that an adversarial judicial proceeding was not initiated when petitioner's certification hearing was held, nor was it initiated when petitioner was arrested as an adult. Judge Medler also determined that the presence of counsel at the certification hearing was insufficient to demonstrate that petitioner invoked his right to counsel. Petitioner argues that Judge Medler's findings are clearly erroneous and an unreasonable determination of the facts.

With respect to the issue raised in petitioner's Ground 1, Judge Medler correctly determined that the decision of the Missouri Court of Appeals is not contrary to, or an unreasonable interpretation of, federal law.[1] The Sixth Amendment guarantees the accused the right to counsel. Main v. Moulton, 474 U.S. 159, 176 (1985). It is only at or after the time that an adversarial judicial

---

[1] I agree with Judge Medler that to the extent that petitioner's traverse also alleges a violation of the Fifth Amendment in Ground 1, petitioner procedurally defaulted on that claim because he failed to raise it before the state appellate court.

proceeding is initiated against a person that the Sixth Amendment right to counsel attaches. Kirby v. Illinois, 406 U.S. 682, 688 (1972). The State initiates an adversary judicial proceeding "by way of formal charge, preliminary hearing, indictment, information, or arraignment." Id. at 689. "[O]nce this right to counsel has attached and has been invoked, any subsequent waiver during a police-initiated custodial interview is ineffective." McNeil v. Wisconsin, 501 U.S. 171,175 (1991). The right to counsel which attaches in the juvenile proceedings does not transfer after defendant is certified as an adult. State v. Wilson, 826 S.W.2d 79, 83 (Mo. Ct. App. 1992). Furthermore, the right to counsel is not self-executing; it must be invoked by the one who wishes to claim it. Chewning v. Rogerson, 29 F.3d 418, 420 (8th Cir. 1994).

Here, Detective Wild interviewed petitioner on November 19, 1996. It was during this interview that petitioner signed a "Waiver of Rights" form, voluntarily agreed to speak and then admitted that he acted alone and killed the victim. Even if petitioner invoked his right to counsel in the juvenile proceedings, that invocation did not transfer over to his interview on November 19, 1996. In this case, the right to counsel did not attach until the indictment was issued on December 12, 1996. Therefore, when petitioner signed a "Waiver of Rights" form before his interview on November 19, 1996, he effectively waived his Sixth Amendment right to

counsel. For this reason, Judge Medler properly denied Ground 1 of petitioner's habeas petition. Petitioner's objection to Judge Medler's determination on Ground 1 of his petition is overruled.

**Ground 2**

In Ground 2, petitioner alleges that he was denied due process when the trial court overruled his objection to the prosecution's request that he pick up a concrete block for demonstrative purposes. Judge Medler denied relief on Ground 2 as non-cognizable in habeas proceedings. Even if cognizable, Judge Medler alternatively found that the state court's determination that petitioner's due process rights were not violated was a reasonable application of federal law because the demonstration showed that petitioner was able to pick up the concrete block, the alleged murder weapon. Petitioner objects to this recommendation and reiterates the same arguments raised in his traverse.

Judge Medler correctly determined that Ground 2 is without merit and should be dismissed. To the extent that the issue in Ground 2 is cognizable in habeas proceedings, Judge Medler properly determined that the state court's determination was entitled to deference because prejudicial effect, if any, of the demonstration was insufficient to deny petitioner due process. Judge Medler properly denied Ground 2 of petitioner's habeas petition.

## Ground 7

In Ground 7, petitioner alleges that he received ineffective assistance of counsel because his trial counsel failed to suppress evidence obtained as a result of an allegedly illegal search and seizure. Petitioner alleges that he can avoid the procedural bar of this ground because he is actually innocent of the crimes for which he was convicted. Judge Medler found that petitioner defaulted Ground 7 because he failed to raise it in the appeal of his post-conviction relief motion. Furthermore, Judge Medler determined that petitioner's conclusory assertions of innocence were insufficient to overcome the procedural default. Petitioner objects to this recommendation and reiterates the same arguments raised in his traverse.

I agree with Judge Medler that petitioner's conclusory assertions are insufficient to invoke the actual innocence exception and avoid the procedural bar. Petitioner's objection to Judge Medler's determination on Ground 7 of his petition is overruled.

## Ground 8

In Ground 8, petitioner alleges that he received ineffective assistance of counsel because his trial counsel failed to timely move for a mistrial when a spectator whispered "liar" during petitioner's testimony. Because there was no evidence that the jury or the trial judge heard the comment, the state court

concluded that the attorney acted properly by not asking for a mistrial and instead requesting that the judge admonish the courtroom. Judge Medler found that this determination was entitled to deference because any request for a mistrial would not have been granted. Petitioner objects to this recommendation and reiterates the same arguments raised in his traverse.

Judge Medler properly deferred to the state courts's determination that petitioner did not receive ineffective assistance of counsel when his trial counsel failed to move for mistrial after a spectator whispered "liar" during petitioner's testimony. The standard for determining whether defendant has received effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The claim that defendant received ineffective assistance of counsel has two components, both of which must be met if defendant is to prevail. Id. First, defendant must show that his counsel's actions were not reasonable "under prevailing professional norms." Id. at 688. With respect to the first component, there is a strong presumption that counsel's assistance was within reasonable professional judgment. Id. at 689-690. Second, petitioner must show that the counsel's error had an adverse effect on the outcome of the trial . Id. at 691-692.

Because neither the judge nor the jury heard the comment, a motion for mistrial, even if made, would not have been granted. For this reason, counsel's

failure to move for a mistrial did not amount to ineffective assistance of counsel. Judge Medler properly deferred to the state court's determination and decided that petitioner's Ground 8 should be denied. Petitioner's objection to this ground will be overruled.

### Ground 9

In Ground 9, petitioner alleges that he received ineffective assistance of counsel because his trial counsel failed to object to the prosecutor's closing argument that petitioner turned into a killer because of his mother's supposed neglect. Judge Medler properly deferred to the state court's decision and denied relief on Ground 8 because petitioner could not demonstrate that he was prejudiced by this alleged error. Petitioner objects to this recommendation and reiterates the same argument raised in his traverse.

Judge Medler correctly determined that petitioner did not receive ineffective assistance of counsel when trial counsel failed to object to the prosecutor's statement during closing argument. The state court found that petitioner was not prejudiced by any alleged error because an objection to the prosecutor's statements would not have been sustained. Because the state court's decision is not contrary to, or an unreasonable interpretation of, federal law, Judge Medler properly denied Ground 9 of petitioner's habeas petition. Petitioner's objection to Ground 9 of his

petition is overruled.

## Ground 10

In Ground 10, petitioner alleges that he received ineffective assistance of counsel because his trial counsel failed to strike a venireperson. The state court concluded that counsel's performance was not deficient because there was no cause to strike the venireperson. Judge Medler found that state court's decision was not contrary to, or a unreasonable application of, federal law and was therefore entitled to deference. In his objections to this recommendation, petitioner reiterates the same arguments raised in his traverse.

Judge Medler properly decided that petitioner's Ground 10 is without merit because petitioner failed to establish that his counsel's performance was deficient. Petitioner's objection to this finding is overruled.

**IV.    Conclusion and Certificate of Appealability**

Because Judge Medler correctly decided petitioner's claims, the Court will overrule petitioner's objections to the Report and Recommendation and deny habeas relief for the reasons stated in the Report and Recommendation. The Court has also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal

constitutional right.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)).

Petitioner has not made such a showing.  Therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation [#15] is adopted and sustained in its entirety.

**IT IS HEREBY ORDERED** that petitioner's objections to the Report and Recommendation are overruled in their entirety.

**IT IS FURTHER ORDERED** that petitioner Deshun Washington's Petition for Writ of Habeas Corpus [#4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2005.